# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60549

United States Court of Appeals
Fifth Circuit

**FILED**

April 16, 2014

Lyle W. Cayce
Clerk

CHRISTOPHER DOERR,

Plaintiff,

v.

LAUREN SISSON, ET AL.,

Defendants,

_____

CHRISTOPHER DOERR,

Plaintiff-Appellant,

OKTIBBEHA COUNTY, MISSISSIPPI,

Defendant–Appellee.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:09-CV-199

Before STEWART, Chief Judge, and DENNIS and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiff Christopher Doerr (Doerr) appeals from the district court's grant of summary judgment in favor of Defendant Oktibbeha County,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60549

Mississippi (County) in this 42 U.S.C. § 1983 suit for arrest without probable cause. Doerr argues that because the alleged victim's affidavit, which alleges rape, quotes the elements of a statutory crime and contains no specific facts, it is not sufficient probable cause. For the reasons that follow, we AFFIRM the district court's grant of summary judgment in favor of the County.

## I.

Doerr and Lauren Sisson (Sisson) were students at the Mississippi State University at the time of the events that are the basis for this suit. In November 2008, Doerr and his roommates hosted a party. Doerr claims that this was a "bring your own liquor" party and he himself did not buy any alcohol to serve at the party. Sisson came to the party. Sisson spent the night at Doerr's apartment. When she awoke, she discovered soreness to her vagina and rectum. She went to the Oktibbeha County Hospital, informing nurses that she had been raped by Doerr. Nurses completed an examination and rape kit, determining that Sisson suffered from tearing along the vaginal and anal walls.

Oktibbeha County Hospital contacted the Oktibbeha County Sheriff's Department about the incident and Deputy West was dispatched to the hospital, where he interviewed Sisson. Sisson was then asked to give a complete statement at the Sheriff's office.

Later that day, Deputy West appeared at Doerr's apartment and requested that he come to the Sheriff's office to give a statement regarding the events of the night before. Doerr obliged and stated that he and Sisson had consensual sex and that he did not administer alcohol to her.

The next day, Sheriff Bryan and Deputy West met regarding Sisson's rape complaint. Sheriff Bryan instructed Deputy West to see if Sisson wanted to press charges, and if so, obtain an affidavit from Sisson. When Sisson and

No. 13-60549

her father went back to the Sheriff's Department, they spoke with Deputy Williams. Sisson and her father told the deputies that they intended to press charges. As a result, Deputy Williams typed two affidavits. One charged Doerr with a violation of Section 97-3-65(4)(a) Mississippi Codes of 1972, which is having engaged in sex without Sisson's consent after having served Sisson alcohol, who was a minor at the time of the incident. The affidavit states:

> BEFORE ME, the undersigned, a Justice Court Clerk of said County, Lauren E. Sisson, makes affidavit that Christopher Richard Doerr on or about the 16th of November 2008, in the County aforesaid did/was willfully, unlawfully and feloniously have sexual intercourse not constituting forcible sexual intercourse or statutory rape with Lauren E. Sisson without her consent, by administering to her an intoxicating beverage which prevented her from effectually resisting the actions of said Christopher Richard Doerr by producing such stupor at Campus Trail Apartment D-115 in Oktibbeha County, Mississippi, in violation of 97-3-65(4)(a) Mississippi Codes of 1972.

Sisson signed this affidavit. The second affidavit charged Doerr with serving alcohol to a minor, which was signed by Sisson's father.[1] Deputy Williams took these two affidavits and the case file to Oktibbeha County Justice Court to seek an arrest warrant. The judge reviewed the files and issued a warrant for Doerr's arrest. Doerr was arrested that same day.

Eventually the charges against Doerr were dismissed by the district attorney and a grand jury returned a no bill on the charges of sodomy and sexual battery. After the charges were dropped, in August 2009, Doerr filed suit against Sisson and her father, alleging causes of action for malicious prosecution and negligent infliction of emotional distress. In November 2011,

---

[1] In this appeal, Doerr challenges only Lauren Sisson's affidavit and not her father's affidavit.

No. 13-60549

Doerr then filed a § 1983 suit against the County, alleging that his 2008 arrest on rape charges was without probable cause.  He also argues that a County policy was the moving force for the factually deficient affidavit.  The district court consolidated the original Sisson action with the action filed against the County.  The district court granted summary judgment in the County's favor.

## II.

The court reviews *de novo* a district court's grant of summary judgment, applying the same standard as the district court.  *Ford Motor Co. v. Tex. Dep't of Transp.*, 264 F.3d 493, 498 (5th Cir. 2001).  Summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).

## III.

Summary judgment in favor of the County was proper because Doerr has not raised a genuine issue of material fact that Sisson's affidavit did not establish probable cause or that the alleged conclusory nature of Sisson's affidavit was caused by the execution of a County policy.

Doerr argues that Sisson's affidavit is merely a recitation of the elements of a statutory crime with no specific facts to establish probable cause, thus violating his Fourth Amendment rights.  We have stated that a "bare bones" affidavit is insufficient to establish probable cause.  *United States v. Brown*, 941 F.2d 1300, 1303 (5th Cir. 1991).  The affidavits must supply the magistrate with sufficient information to determine that probable cause exists.  *Id.*  In the instant case, Sisson's affidavit was not a bare bones affidavit.  Her affidavit set forth the particular date (November 16, 2008), the particular location (Doerr's apartment address and Oktibbeha County), and the elements of the alleged crime (that Doerr supplied alcohol to the alleged victim which caused her to become intoxicated to the point that she could not give consent to sex, and that

4

No. 13-60549

Doerr engaged in sex with her without her consent).  Though Doerr asserts that more facts needed to be stated, these were sufficient facts to establish probable cause.[2]

Moreover, even if the affidavit were insufficient, Doerr cannot prevail in a § 1983 suit against the County because he has not raised a genuine issue of material fact that the County's policy resulted in the alleged violation of his rights.  Section 1983 does not permit a finding of local government liability under a theory of *respondeat superior* unless the "execution of the government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury."  *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978); *see also Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002).  In order to hold the County liable, Doerr must identify: "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom."  *Valle v. City of Houston*, 613 F.3d 536, 541–42 (5th Cir. 2010) (citations omitted).

Doerr invokes the "single-incident" exception to the general *Monell* rule set forth in *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986).  *Pembaur* held that "where action is directed by those who establish governmental policy, the municipality is equally responsible whether that action is to be taken only once or to be taken repeatedly."  *Id.* at 481.  Where a single decision by a policy

---

[2] Likewise, Doerr's argument that the Sheriff's Department "knew [Sisson's] affidavit was probably not true" is unpersuasive.  There is nothing in the record to indicate the Department should have known definitely that Sisson lied. Though Doerr told the deputy that he did not administer any alcoholic beverages to Sisson, it is not uncommon for the police to hear differing accounts of the same incident.  The Department had two affidavits swearing that Doerr served alcoholic beverages to Sisson, one from Sisson and one from her father. Her father's affidavit is not challenged here.

maker is asserted as a basis of County liability, there must be evidence that the offending officer in question was "highly likely to inflict the particular injury suffered by the plaintiff." *Brown v. Bryan Cnty.*, 219 F.3d 450, 461 (5th Cir. 2000) (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 412 (1997)). "To succeed, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Valle*, 613 F.3d at 542 (internal quotations marks and citations omitted).

Doerr argues that because Sheriff Bryan was a County policymaker and testified that he made a decision to "direct the arrest," the County is liable if the arrest was made without probable cause. Though Sheriff Bryan may be a policymaker, he testified that he was not personally involved in the arrest other than his instructions to Deputy West to determine whether the Sissons wanted to press charges, and, if so, to obtain an affidavit from the Sissons. Sheriff Bryan did not procure those affidavits and there is no evidence that he approved those affidavits. Moreover, the Oktibbeha County Justice Court judge reviewed the affidavits and concluded that there was probable cause. Courts "pay great deference to a magistrate's determination of probable cause." *Zarnow v. City of Wichita Falls*, 500 F.3d 401, 408 (5th Cir. 2007) (citing *Illinois v. Gates*, 462 U.S. 213, 236, 103 S. Ct. 2317 (1983)). This is not an instance in which that deference is not warranted. Doerr therefore did not demonstrate a genuine issue of material fact that Sheriff Bryan directed the arrest or that his actions were a direct causal link between the municipal action and the deprivation of federal rights. *Valle*, 613 F.3d at 542.

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment in favor of Oktibbeha County.